BRILL & MEISEL
Rosalind S. Fink (RF-2492)
845 Third Ave., 16th Floor
New York, New York 10022
(212) 753-5599
*Attorneys for Petitioner Robert S. Gans*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ROBERT S. GANS                                  :
                                                :
                        Petitioner,             :        ECF Case
                                                :
            -against-                           :        07 CV 9328 (LTS)
                                                :
BERNSTEIN LITOWITZ BERGER                       :
& GROSSMANN LLP                                 :
                                                :
                        Respondent.             :
-------------------------------------------------------------------x

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner, by his attorneys, Brill & Meisel, applies for an order confirming an arbitration award

pursuant to 9 U.S.C. §9.

## INTRODUCTION

1.      This proceeding is brought under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*,

seeking confirmation of an award dated September 20, 2007 (the "Award") in *Robert S.*

*Gans v. Bernstein Litowitz Berger and Grossmann LLP*, AAA Case No. 13 180 00022 07. A

copy of the Award is provided as Exhibit A to the annexed declaration of Rosalind S.

Fink dated October 16, 2007 ("Fink Decl.").  The Award was rendered by a 3-arbitrator

panel sitting in New York, New York and established under and operating pursuant to

the Commercial Arbitration Rules of the American Arbitration Association.  The Award

rejected Petitioner's challenge to a restrictive covenant contained in the partnership

agreement dated as of January 1, 2006 of Respondent Bernstein Litowitz Berger &

Grossmann LLP (the "PS Agreement," copy provided as Ex. B to the Fink Decl.),

rejected a contingent counterclaim by Respondent, and upheld Petitioner's challenge to

Respondent's escrowing of monies to which Petitioner claimed immediate entitlement

under the PS Agreement, ordering Respondent to release these monies to Petitioner, to

pay interest on these monies at 9%, and to resume payments it is required to pay to

Petitioner pursuant to the PS Agreement.


## PARTIES AND JURISDICTION

2.      Petitioner Robert S. Gans is an attorney and, at all relevant times, a resident of Del Mar,

California.


3.      Respondent Bernstein Litowitz Berger and Grossman LLP is a New York limited

liability partnership engaged in the practice of law and, at all relevant times, its

principal place of business has been located in New York, New York.  Respondent

performs services nationwide that involve interstate commerce.


4.      This proceeding is brought under 9 U.S.C. § 9, the federal procedure to confirm an

arbitration award.

2

5.      Subject matter jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332,

        providing for diversity jurisdiction.  The amount which the Award requires Respondent

        to pay to Petitioner exceeds four million dollars.  See Exhibit C to the Fink Declaration, a

        spreadsheet calculating the amounts owed to Petitioner pursuant to the Award.

6.      Venue in this Court is appropriate under  9 U.S.C. § 9 because the Award was made

        within this judicial district and because ¶ 20 of the PS Agreement, which mandated

        arbitration of the dispute between the parties, provides for entry of judgment on any

        arbitral award made pursuant to its provisions "in any court having jurisdiction." Venue

        is also appropriate in this Court under 28 U.S.C. §1391 (c) because the Respondent's

        principal place of business is in New York, New York.

## BACKGROUND

7.      Petitioner was employed by Respondent from 1990 to 1999 and was a partner of

        Respondent from 1999 to November, 2006. In early 2006, he signed the PS Agreement.

8.      Petitioner withdrew from Respondent as of November 17, 2006.

9.      Paragraph 13 of the PS Agreement provides for withdrawing partners (referred to as

        "retiring partners" under the Agreement, regardless of whether they intend to practice

        law after withdrawal) to receive their proportionate share of all uncollected net fees and

uncollected disbursements in cases for which a signed stipulation or memorandum of understanding had been executed on or before the partner's withdrawal date ("Settled Case Monies"). Subparagraph 13(c) however, places a condition on receipt of half of these monies. It requires that, for the first two years after a partner's withdrawal, 50% of these moneys are to be placed in escrow and forfeited in the event that the withdrawing partner engages in the "full-time private practice of law" at any time during this period.

10.     After announcing his intention of withdrawing from Respondent, Petitioner sought guidance on the amount of time that he could work for a competitor law firm without being deemed by Respondent to have engaged in the "full-time private practice of law." Respondent took the position that Settled Case Monies were retirement benefits, and that any work whatsoever for a competitor firm therefore would result in forfeit of 50% of Settled Case Monies.

11.     Paragraph 20(c) of the PS Agreement requires that disputes under the Agreement be determined by arbitration in New York City in accordance with the rules then obtaining of the American Arbitration Association. Pursuant to this provision, Petitioner commenced the underlying arbitration in December, 2006, seeking a declaration that the restrictive covenant in subparagraph 13(c), as written and as applied by

Respondent, was void as violative of public policy.  See Exhibit D to the Fink

Declaration, Petitioner's Demand for Arbitration dated December 29, 2006.

12.    Respondent thereafter asserted a counterclaim (see pages 20-21 of Ex. E to the Fink

Decl., Respondent's Response to Demand for Arbitration and Counter-Demand dated

February 12, 2007) asserting that, in the event that the restrictive covenant was declared

void, Petitioner was not entitled to any Settled Case Monies; all of paragraph 13 of the

PS Agreement should be stricken from the Agreement. Purportedly pursuant to this

counterclaim, Respondent thereafter refused to release to Petitioner the 50% of his

Settled Case Monies to which he was entitled within thirty days of their receipt by

Respondent pursuant to subparagraphs 13(a) and (b) of the PS Agreement (the

"Immediately Due Settled Case Monies").

13.    On March 13, 2007, Petitioner added a supplemental Demand (Ex. F to the Fink Decl.)

challenging the refusal to give him his Immediately Due Settled Case Monies as a

breach of contract and conversion.  Beginning on or around March 9, 2007, Respondent

has deposited the Immediately Due Settled Case Monies into the same escrow account

established for Gans' benefit which holds that portion of his Settled Case Monies being

escrowed pursuant to the restrictive covenant in subparagraph 13 (the "Contractually

Escrowed Settled Case Monies").

14.     On March 28, 2007, the AAA appointed the following three arbitrators to hear this

        dispute: Patricia Murphy (chair), Martin Tackle and John Byrne.

15.     In accordance with a directive of the arbitrators, Petitioner finalized his claims against

        Respondent in his July 19, 2007 pre-hearing statement (Ex. G to the Fink Decl.). The

        claims asserted were violation of public policy of both New York and California, breach

        of contract, including breach of the implied covenant of good faith and fair dealing, and

        breach of fiduciary duty.

16.     Declaratory relief sought included a finding that subparagraph 13(c) of the PS

        Agreement as written was void as contrary to public policy.  In the alternative,

        Petitioner sought an interpretation of the meaning of "full-time private practice" that

        would allow him to engage in private practice without risking forfeiture of 50% of his

        Settled Case Monies (i.e., the Contractually Escrowed Settled Case Monies).

17.     Monetary relief sought included release to Petitioner of all of the Settled Case Monies

        being held in escrow with interest at 9%, payment by Respondent of all fees and costs of

        the arbitration, and punitive damages.

18.     Respondent's July 18, 2007 pre-hearing memorandum of law (Ex. H to the Fink Decl.)

        finalized its counterclaim demanding that, if any part of paragraph 13 were to be

declared void, all of that paragraph should be stricken and Petitioner should be required to return to it all Settled Case Monies that he had received before Respondent began escrowing 100% of these monies. Had Respondent prevailed on its counterclaim, Petitioner would have lost over eight million dollars.

19.    Arbitral hearings were held at the New York City offices of the American Arbitration Association on July 24, 25, 26, and 27, 2007 and August 2, 2007.

20.    Both parties submitted post-hearing briefs on August 24, 2007.

21.    In their September 20, 2007 Award, the arbitrators upheld the restrictive covenant in subparagraph 13(c), declined to define the term "full time private practice of law," and rejected Respondent's counterclaim as moot. They did, however, sustain Petitioner's challenge to Respondent's escrowing of the Immediately Due Settled Case Monies, ordering Respondent to "forthwith (a) resume payment of [Immediately Due] Settled Case Monies to [Petitioner] in accordance with paragraph 13 of the Partnership Agreement and (b) pay to [Petitioner] all [Immediately Due] Settled Case Monies withheld from him since March 2007, plus interest at a rate of nine percent (9%) *per annum* calculated from the date said monies were due to him pursuant to paragraph 13 of the Partnership Agreement to the date of payment."

22.     As of October 1, 2007, the amounts of Immediately Due Settled Case Monies owed to Petitioner pursuant to the Award totaled $4,176,257.51, with an additional $995.52 in interest accruing each day thereafter.  See Ex. C to the Fink Declaration.

23.     Columns 1 and 2 of Ex. C show, for each deposit of Immediately Due Settled Case Monies, the date of deposit and amount of deposit.  Column 3 shows the amount of interest earned on each deposit, based on bank statements received by Petitioner.  According to these statements, deposits earned 3.5% annual interest between 3/12/07 and 5/7/07, 3.45% annual interest between 5/8/07 and 9/24/07, and 3.4% annual interest between 9/25/07 and 10/1/07.  Column 4  shows the amount of interest each deposit would have earned at 9%, based on the amount of deposit and number of days that it was in the escrow account.  Column 5 shows  the daily interest for each deposit going forward after 10/1/07, based on a 9% annual rate.

24.     The Award requires Respondent is to pay Petitioner his Immediately Due Settled Case Monies (Col. 2 of Ex. C, or $4,038,599.14) with interest at 9%. The amount of interest owed includes the amount accrued at 9% up to October 1, 2007 (Col. 4 of Ex. C, or $137,647.88), plus $995.51 for each day after 10/1/07 that the monies remain in escrow (Col. 5 of Ex. C).

8

25.    Exhibit C provides information on the amount of interest that the Immediately Due

Settled Case Monies actually earned to October 1, 2007 (Col. 3 of Ex. C, or $52,837.09)

because that is the maximum amount, along with the amounts of Immediately Due

Settled Case Monies originally deposited, that can be taken from the escrow account.

The remainder of the monies in that account are Contractually Escrowed Settled Case

Monies, and both these monies and the interest that they have earned must be left in the

escrow account for its duration in accordance with subparagraph 13(c) of the PS

Agreement.

26.    Petitioner therefore requests that Respondent be ordered to pay him, *from the escrow*

*account that it established to hold monies it owes Petitioner*, $4,038,599.14 (his Immediately

Due Settled Case Monies) plus $52,837.09 (the interest actually earned on those monies

to 10/1/07) plus interest earned on those funds after 10/1/07.  Petitioner also requests

that Respondent be ordered to pay him, *from funds other than those in the escrow account,*

$84,810.79 (the difference between the amount of interest actually earned and the

amount owed at 9%) plus the difference between the interest actually earned on his

Immediately Due Settled Case Monies after 10/1/07 and the amount owed at 9% (which

is $995.51 for each day after 10/1/07 that the money remains undistributed to Petitioner).

9

WHEREFORE, Petitioner moves this Court for an order confirming the award dated September 20, 2007 in *Robert S. Gans v. Bernstein Litowitz Berger and Grossmann LLP*, AAA Case No. 13 180 00022 07 and requiring Respondent to make the following payments to Petitioner:

*From the escrow account Respondent established to hold monies it owes Petitioner:*

$4,091,436.23 plus interest earned on this amount after 10/1/07

*From funds other than those in the escrow account:* $84,810.79 plus the difference between the interest actually earned on $4,091,436.23 after 10/1/07 and the interest that would have been earned at 9%.

Dated: October 16, 2007

Respectfully Submitted,

BRILL & MEISEL
*Attorneys for Petitioner Robert S. Gans*

By:_____/s_____
Rosalind S. Fink (RF-2492)
845 Third Ave., 16th Floor
New York, New York 10022
(212) 753-5599

G:\Roz Fink\Gans arb\Confirm Award\roz petition.wpd

10