UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

ROBERT S. GANS,

                           Petitioner/
                           Cross-Respondent,

           - against -

BERNSTEIN LITOWITZ BERGER &
GROSSMAN LLP,

                           Respondent/
                           Cross-Petitioner.

---------------------------------------------------------------- x

:
:
:
:
:
:
:
:
:
:
:
:
:
:

07 Civ. 9328 (LTS)

Response and Cross-Petition for
Confirmation of Arbitration Award

Respondent/Cross-Petitioner Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz" or "Firm"), by its attorneys Kramer Levin Naftalis & Frankel LLP, for its response to the Petition for Confirmation of Arbitration Award of Petitioner/Cross-Respondent Robert S. Gans ("Gans") and for its Cross-Petition for Confirmation of Arbitration Award states:

The parties, jurisdiction and venue

        1.     Bernstein Litowitz is a law firm partnership formed in 1983 with its principal place of business in New York, New York. The firm prosecutes class and private actions on behalf of individual and institutional clients, and specializes in derivative and direct securities class action litigation, corporate governance litigation, prosecuting violations of federal and state anti-discrimination laws, and litigation brought pursuant to consumer protection laws.

        2.     Gans is a former Bernstein Litowitz partner and a resident of California.

        3.     This Court has jurisdiction over the subject matter of this action (i) pursuant to 28 U.S.C. § 1332(a)(1) as there is complete diversity of citizenship between the

parties and the amount in controversy in the underlying arbitration is more than $75,000, and (ii) pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, in that the arbitration award Bernstein Litowitz seeks to confirm was made in this district.

4.    Venue is properly laid in this district pursuant to 28 U.S.C. § 1391 and 9 U.S.C. § 9.

Background facts

5.    Gans joined Bernstein Litowitz as an associate in 1993, and became a partner of the Firm in 1999. Gans left the Firm in November 2006.

6.    Less than a year prior to his departure, Gans entered into a revised partnership agreement with Bernstein Litowitz, dated January 1, 2006 (the "Agreement").

7.    The Agreement provides generous retirement benefits to withdrawing firm partners. Among other payments upon retirement, Paragraph 13 of the Agreement provides that partners with a partnership percentage interest as of their retirement date may receive a proportionate share of "all uncollected net fees and uncollected disbursements . . . in cases for which a signed stipulation of settlement or memorandum of understanding was executed on or before the Retirement Date" (the "Paragraph 13 Payments").

8.    The Agreement provides that half of Paragraph 13 Payments are to be held in escrow for a two-year period and awarded to a retired partner only if he does not engage in the full-time private practice of law during that time (the "Condition"). Specifically, Paragraph 13(c) provides: "If such Retired Partner engages in the full time private practice of law within two years following his/her Retirement Date, then the amount deposited in the escrow account

together with interest earned thereon shall be returned to the Firm and forfeited by the Retired Partner.  If such Retired Partner does not engage in the full time private practice of law within two years of the Retirement Date, then the amount deposited in the escrow account together with interest earned thereon shall be promptly paid to the Retired Partner."

The Arbitration between Gans and Bernstein Litowitz

9.      On December 29, 2006, Gans filed a demand for arbitration with the American Arbitration Association and commenced the underlying arbitration, *Robert S. Gans v. Bernstein Litowitz Berger & Grossmann LLP*, AAA Case No. 13 180 00022 07.

10.      Gans sought a declaration voiding the Condition.  Gans argued that the Condition constituted an unlawful restriction on the practice of law, and that he was entitled to immediate receipt of all Paragraph 13 Payments, which would amount to over $8 million, with no reciprocal obligation to refrain from competing with the Firm.

11.      Gans further sought, to the extent that the Condition was upheld as valid and enforceable, a definition of the phrase "full time private practice of law," as used in Paragraph 13(c) of the Agreement.

12.      On February 12, 2007, Bernstein Litowitz asserted a conditional counterclaim against Gans in the underlying arbitration, stating that in the event that the Condition were found to violate public policy, then under well-settled principles of contract severability the entirety of Paragraph 13 would be stricken from the Agreement, and no Paragraph 13 Payments would be owed to Gans.  Consistent with that position, Bernstein Litowitz placed all Paragraph 13 Payments in an interest-bearing escrow account pending resolution of the dispute.

- 3 -

KL3 2622794.2

13.     In March 2007, a three-person arbitration panel was appointed, consisting of Patricia J. Murphy, Esq., Martin S. Tackel, Esq., and John F. Byrne, Esq.  The parties submitted pre-hearing statements and memoranda to the panel in July 2007, and arbitration hearings were held shortly thereafter at the American Arbitration Association offices in New York City on July 24, 25, 26, and 27, 2007 and August 2, 2007.  Post-hearing submissions were submitted by the parties in August 2007.

14.     On September 20, 2007, the arbitrators issued an award agreeing with Bernstein Litiowitz's position that the Condition in Paragraph 13 is enforceable and rejecting Gans' claims (the "Arbitration Award").    The Arbitration Award held that the Condition "neither violates public policy nor is void or otherwise unenforceable under applicable law."  A copy of the Arbitration Award is attached as Exhibit A.

15.     The Arbitration Award also rejected Gans' request to define the phrase "full time private practice of law" so as not to "engage in unnecessary speculation and enter what would amount to an inappropriate 'advisory opinion[.']'"

16.     Because the arbitration panel ruled in Bernstein Litowitz's favor on the central question in dispute — namely, holding that the Condition in Paragraph 13 is enforceable — Bernstein Litowitz's conditional counterclaim was rendered moot.  Therefore, the Arbitration Award instructed Bernstein Litowitz to resume payment of the one-half of Paragraph 13 Payments that were not subject to the Condition.  The parties did not dispute that Gans was entitled to this money in the event that the Condition was upheld.

- 4 -

The Arbitration Award should be confirmed

17.    On October 16, 2007, Gans petitioned this Court for confirmation of the Arbitration Award.

18.    Bernstein Litowitz does not contest Gans' petition for confirmation or Gans' calculation of the amount of Paragraph 13 money not subject to the Condition that should be released from escrow with interest.

19.    The Arbitration Award issued by the Arbitrators meets the requirements of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* for confirmation of an award.

WHEREFORE, Bernstein Litowitz respectfully requests that the Court

(i)    issue an order (in the form attached as Exhibit B) confirming the Arbitration Award, including the arbitration panel's holding that the Condition in Paragraph 13 that a retired partner forfeits one-half of his Paragraph 13 Payments if he engages in the "full time private practice of law" within two years of his retirement date is fully enforceable.

(ii)    direct that a judgment be entered thereon in this Court on the terms of the Arbitration Award, releasing the one-half of Paragraph 13 Payments not subject to the Condition plus interest at 9%; and

KL3 2622794 2

(iii)    grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
         November 6 , 2007

Respectfully submitted,

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: _____
        Barry H. Berke (BB-1421)
        Norman C. Simon (NS-1407)
        1177 Avenue of the Americas
        New York, New York  10036
        Office:  (212) 715-7560
        Fax:  (212) 715-7660

Attorneys for Respondent/Cross-Petitioner
Bernstein Litowitz Berger & Grossmann LLP