AMERICAN ARBITRATION ASSOCIATION
Commercial Arbitration Tribunal

In the Matter of the Arbitration between:
Case No. 13 180 Y 00022 07
    Robert S. Gans
    -and-
Bernstein Litowitz Berger & Grossmann LLP

## AWARD OF ARBITRATORS

    We, the UNDERSIGNED ARBITRATORS, having been designated in accordance with the arbitration provisions of the parties' written Partnership Agreement dated as of January 1, 2006; and having been duly sworn; and having heard and duly considered the proofs and allegations of Robert S. Gans (hereinafter "Claimant" or "Gans") and of Bernstein Litowitz Berger & Grossmann LLP (hereinafter "Respondent" or "the Firm"); do hereby DECIDE and AWARD as follows:

    At issue in these proceedings is the validity and application of paragraph 13 of the Partnership Agreement which provides that an eligible retiring or withdrawing partner, like Claimant, shall be paid his proportionate share of "Settled Case Monies", defined in paragraph 13(a)(i) as "all uncollected net fees and uncollected disbursements ... in cases for which a signed stipulation of settlement or memorandum of understanding was executed on or before the Retirement [or Withdrawal] Date ...". Pursuant to paragraph 13(c), these Settled Case Monies are to be paid (i) 50% on a case- by- case basis within 30 days of receipt of same by the Firm and (ii) 50% into an interest bearing escrow account. Paragraph 13(c) also provides: "If such Retired Partner engages in the full time private practice of law within two years following his/her Retirement Date, then the amount deposited in the escrow account together with interest earned thereon shall be returned to the Firm and forfeited by the Retired Partner. If such Retired Partner does not engage in full time practice of law within two years of the Retirement Date, then the amount deposited in the escrow account together with interest earned thereon shall be promptly paid to the Retired Partner".
    Claimant argues that paragraph 13(c) is an unenforceable restrictive covenant that is void under New York law and voidable under California law, and demands that all Settled Case Monies (estimated at more than $8 million as of July 2007) be paid to him immediately. Alternatively, Claimant requests that this Panel "rewrite" paragraph 13(c) to at least define the number of hours Mr. Gans may work at a competitive firm in his chosen profession and specialty without forfeiting the escrowed Settled Case Monies.

Case No. 13 180 Y 00022 07                                                                Page 2
Gans and Berstein Litowitz
Award of Arbitrators


    In addition to opposing Claimant's demands, Respondent has interposed a conditional counterclaim arguing that, if the conditions of paragraph 13(c) were to be declared void or voidable, the entirety of paragraph 13 would have to be stricken from the Partnership Agreement, and the approximately $400,000 already paid to Gans since his withdrawal from the Firm in late November 2006 would have to be returned. Further, when Respondent filed its counterclaim in or about March 2007, the Firm began withholding from Gans the 50% of Settled Case Monies due without regard to Claimant's entitlements under paragraph 13(c) in alleged furtherance of its conditional counterclaim. Soon thereafter, Claimant amended his demand to include, among other things, the release of the monies being withheld by the Firm, plus punitive damages and other relief.

    Based on the credible evidence and argument presented, this Panel has concluded that the condition, found in paragraph 13(c) of the Partnership Agreement, of refraining from the full time private practice of law for two (2) years before receiving the escrowed Settled Case Monies neither violates public policy nor is void or otherwise unenforceable under applicable law. As for Claimant's alternative request that this Panel "define" paragraph 13(c)'s condition, based on Respondent's refusal to tell Gans how many hours he may work at another law firm (competitive with Respondent or otherwise) without running afoul of the condition regarding the "full time private practice of law", this Panel declines to engage in unnecessary speculation and enter what would amount to an inappropriate "advisory opinion" where, as here, there is no arbitrable dispute in this regard ripe for resolution. Moreover, contrary to Claimant's arguments, there is no inequity in Mr. Gans' continuing to refrain from the "full time private practice of law" for the entire two (2)-year period (i.e., another fourteen (14) or so months) in order to receive the full $8 million or more that would be due to him.

    On the other hand, while Respondent's conditional counterclaim is hereby rendered moot, the Panel finds that there was no legal or equitable justification for the Firm's decision to begin to withhold from Claimant the Settled Case Monies due to him without regard to the applicability of, and unfettered by, the provisions of paragraph 13(c) of the Partnership Agreement. Thus, while the punitive damages and other inappropriate relief requested in Claimant's Amended Demand will be denied, the Firm must (a) resume payment of the appropriate share of Settled Case Monies to Claimant and (b) pay to him the Settled Case Monies withheld since March 2007, plus interest. Pursuant to Commercial Rule 43 and otherwise, Claimant's request for attorneys' fees and costs is denied.

Case No. 13 180 Y 00022 07                                                          Page 3
Gans and Berstein Litowitz
Award of Arbitrators

      Accordingly, as and for an Award herein:

      1. Respondent shall forthwith (a) resume payment of Settled Case Monies to Claimant in accordance with paragraph 13 of the Partnership Agreement and (b) pay to Claimant all Settled Case Monies withheld from him since March 2007, plus interest at the rate of nine percent (9%) *per annum* calculated from the date said monies were due to him pursuant to paragraph 13 of the Partnership Agreement to the date of payment.

      2. In all other respects, Claimant's claims and requests, and each of them, are DENIED.

      3. Respondent's counterclaims, and each of them, are DENIED.

      4. The administrative fees of the American Arbitration Association totaling $13,1250.00 shall be borne by the parties as incurred, and the compensation of the Arbitrators totaling $49,492.50 shall be borne by the parties equally.

      5. This Award is in full and complete settlement and satisfaction of any and all claims, counterclaims, requests, defenses and off-sets properly submitted to the jurisdiction of this Arbitration; and any claim, counterclaim or request not specifically granted herein is deemed DENIED.

      6. This Award may be executed in any number and manner of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

9/20/07  
Date

_____  
Patricia J. Murphy, Esq.

_____  
Date

_____  
Martin S. Tackel, Esq.

_____  
Date

_____  
John F. Byrne, Esq.

Case No. 13 180 Y 00022 07  Page 3
Gans and Berstein Litowitz
Award of Arbitrators

Accordingly, as and for an **Award** herein:

1. Respondent shall forthwith (a) resume payment of Settled Case Monies to Claimant in accordance with paragraph 13 of the Partnership Agreement and (b) pay to Claimant all Settled Case Monies withheld from him since March 2007, plus interest at the rate of nine percent (9%) *per annum* calculated from the date said monies were due to him pursuant to paragraph 13 of the Partnership Agreement to the date of payment.
2. In all other respects, Claimant's claims and requests, and each of them, are DENIED.
3. Respondent's counterclaims, and each of them, are DENIED.
4. The administrative fees of the American Arbitration Association totaling $13,1250.00 shall be borne by the parties as incurred, and the compensation of the Arbitrators totaling $49,492.50 shall be borne by the parties equally.
5. This Award is in full and complete settlement and satisfaction of any and all claims, counterclaims, requests, defenses and off-sets properly submitted to the jurisdiction of this Arbitration; and any claim, counterclaim or request not specifically granted herein is deemed DENIED.
6. This Award may be executed in any number and manner of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

| Date | Patricia J. Murphy, Esq. |
|---|---|
| 9/20/07 | *(signed)* |
| Date | Martin S. Tackel, Esq. |
| Date | John F. Byrne, Esq. |

Case No. 13 180 Y 00022 07                                                                Page 3
Gans and Berstein Litowitz
Award of Arbitrators

     Accordingly, as and for an Award herein:

     1. Respondent shall forthwith (a) resume payment of Settled Case Monies to Claimant in accordance with paragraph 13 of the Partnership Agreement and (b) pay to Claimant all Settled Case Monies withheld from him since March 2007, plus interest at the rate of nine percent (9%) *per annum* calculated from the date said monies were due to him pursuant to paragraph 13 of the Partnership Agreement to the date of payment.
     2. In all other respects, Claimant's claims and requests, and each of them, are DENIED.
     3. Respondent's counterclaims, and each of them, are DENIED.
     4. The administrative fees of the American Arbitration Association totaling $13,1250.00 shall be borne by the parties as incurred, and the compensation of the Arbitrators totaling $49,492.50 shall be borne by the parties equally.
     5. This Award is in full and complete settlement and satisfaction of any and all claims, counterclaims, requests, defenses and off-sets properly submitted to the jurisdiction of this Arbitration; and any claim, counterclaim or request not specifically granted herein is deemed DENIED.
     6. This Award may be executed in any number and manner of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

_____        _____
Date        Patricia J. Murphy, Esq.

_____        _____
Date        Martin S. Tackel, Esq.

___9/20/07_____        _____
Date        John F. Byrne, Esq.

Case No. 13 180 Y 00022 07                                              Page 4
Gans and Bernstein Litowitz
Award of Arbitrators

    I, Patricia J. Murphy, Esq., do hereby affirm upon my Oath as Arbitrator that I am one of the individuals described in and who executed this instrument, which is my Award.

9/20/07
_____
Date

_____
Patricia J. Murphy, Esq.

    I, Martin S. Tackel, Esq., do hereby affirm upon my Oath as Arbitrator that I am one of the individuals described in and who executed this instrument, which is my Award.

_____
Date

_____
Martin S. Tackel, Esq.

    I, John F. Byrne, Esq., do hereby affirm upon my Oath as Arbitrator that I am one of the individuals described in and who executed this instrument, which is my Award.

_____
Date

_____
John F. Byrne, Esq.

Case No. 13 180 Y 00022 07    Page 4
Gans and Bernstein Litowitz
Award of Arbitrators

I, Patricia J. Murphy, Esq., do hereby affirm upon my Oath as Arbitrator that I am one of the individuals described in and who executed this instrument, which is my Award.

_____    _____
Date    Patricia J. Murphy, Esq.

I, Martin S. Tackel, Esq., do hereby affirm upon my Oath as Arbitrator that I am one of the individuals described in and who executed this instrument, which is my Award.

9/20/07    [signature]
_____    _____
Date    Martin S. Tackel, Esq.

I, John F. Byrne, Esq., do hereby affirm upon my Oath as Arbitrator that I am one of the individuals described in and who executed this instrument, which is my Award.

_____    _____
Date    John F. Byrne, Esq.

Case No. 13 180 Y 00022 07 Page 4
Gans and Bernstein Litowitz
Award of Arbitrators

I, Patricia J. Murphy, Esq., do hereby affirm upon my Oath as Arbitrator that I am one of the individuals described in and who executed this instrument, which is my Award.

_____     _____
Date                          Patricia J. Murphy, Esq.

I, Martin S. Tackel, Esq., do hereby affirm upon my Oath as Arbitrator that I am one of the individuals described in and who executed this instrument, which is my Award.

_____     _____
Date                          Martin S. Tackel, Esq.

I, John F. Byrne, Esq., do hereby affirm upon my Oath as Arbitrator that I am one of the individuals described in and who executed this instrument, which is my Award.

_9/20/07_____     _____
Date                          John P. Byrne, Esq.